IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ZACHARIAH S. BARLOW,
    Petitioner,

v.                                          Case No.  5:06cv60/SPM/MD

JAMES R. MCDONOUGH,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition as time barred, to which petitioner has responded. (Docs. 9 & 14, respectively). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

In this habeas action, petitioner states he is challenging two judgments of conviction entered in the Circuit Court of Bay County, Florida: (1) his conviction of two counts of fraudulent use of a credit card and one count of petit theft entered on June 18, 2002 in case number 00-1017, and (2) his conviction of one count of lewd and lascivious battery and one count of contributing to the delinquency of a minor entered on October 8, 2002 in case number 02-1268.

<u>Judgment of Conviction in Case Number 00-1017</u>

On May 4, 2000 petitioner was charged in the Circuit Court of Bay County, Florida, in case number 00-1017 with two counts of fraudulent use of a credit card

(Counts I and III) and one count of petit theft (Count II).  (Doc. 9, ex. A, pp. 9-10).[1]  On that same date, petitioner entered a counseled no contest plea pursuant to a plea agreement.  (Ex. A, pp. 11-12; ex. C).  He was adjudicated guilty on the petit theft charge and sentenced to time served.  (Ex. A, pp. 17-18, ex. C, p. 6).  On the fraudulent use of a credit card charges, adjudication of guilt was withheld and petitioner was sentenced to concurrent terms of three years probation.  (Ex. A, pp. 24-25; ex. C, pp. 5-6).  Petitioner did not file an appeal.

Petitioner subsequently violated the terms of his probation, and his probation was revoked on August 20, 2001.  (Ex. A, pp. 36, 51).  That same date, judgment was entered adjudicating him guilty of the fraudulent use of a credit card charges (Counts I and III) and sentencing him to concurrent terms of six months community control followed by four years probation.  (*Id.*, pp. 45-50, 52-55).  Petitioner did not file an appeal.

Petitioner again violated the terms of his probation, and on June 18, 2002 his probation was again revoked.  (Ex. A, pp. 72, 84; ex. B).  That same date, judgment was entered adjudicating him guilty of the credit card charges and sentencing him to concurrent five-year prison terms.  (Ex. A, pp. 75-81; ex. B, p. 107).  Petitioner, represented by counsel, appealed this judgment and sentence. On April 29, 2003 the Florida First District Court of Appeal ("First DCA") dismissed the appeal for petitioner's failure to file an initial brief.  (Exs. E-K).

## Judgment of Conviction in Case Number 02-1268

On October 8, 2002 petitioner was convicted, pursuant to a no contest plea, of lewd and lascivious battery and contributing to the delinquency of a minor.  He was sentenced to five years imprisonment followed by ten years probation.  (Doc. 1, p. 1 and ex. C(2)).  Petitioner did not file an appeal.  (*Id.*).

## Postconviction Proceedings in State Court

On January 16, 2004 petitioner attacked the judgments entered in both of the above cases by filing a motion for postconviction relief pursuant to FLA. R. CRIM. P. 3.850.  (Ex. L, pp. 1-9).  On January 24, 2005 the state court summarily denied the

---

[1] Hereafter, all references to exhibits are to those provided at Doc. 9, unless otherwise noted.

*Case No: 5:06cv60/SPM/MD*

motion.  (*Id.,* pp. 33-34).  The First DCA affirmed the denial order without written opinion on June 14, 2005.  *Barlow v. State*, 905 So.2d 126 (Fla. 1st Dist. Ct. App. 2005) (Table) (copy at Ex. O).  The mandate issued July 12, 2005.  (Ex. P).

On January 4, 2006 petitioner filed in the Circuit Court of Holmes County, Florida, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the judgments of conviction in case numbers 00-1017 and 02-1268.  (Ex. R).  On March 3, 2006 the state court dismissed the petition for lack of jurisdiction.  (Ex. S).

Petitioner commenced the instant habeas corpus proceeding by filing a § 2254 petition in this court on March 10, 2006.  (Doc. 1).

## DISCUSSION

As a preliminary matter, it is noted that in his motion to dismiss, respondent construes the petition as challenging only the judgment entered on June 18, 2002 in case number 00-1017.  Accordingly, respondent attaches only the state court record pertaining to that conviction.  The petition indicates, however, that petitioner is challenging not only that conviction, but also the judgment entered in the Bay County Circuit Court on October 8, 2002 in case number 02-1268.  The claims raised in the petition involve petitioner's Rule 3.850 proceeding in which he challenged both of those judgments.  Petitioner is allowed to challenge both judgments in this single § 2254 petition.  *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Rainey v. Secretary for the Dep't of Corrections*, 443 F.3d 1323, 1327 and n. 5 (11th Cir. 2006) (noting that a petitioner is permitted to challenge multiple judgments of a single state court in a single § 2254 petition); *Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003).  Ordinarily, the undersigned would entertain an amendment to respondent's motion to address this issue; however, this is unnecessary as the pleadings and attachments before the court are sufficient to determine whether the instant petition is timely.

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059,

138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. See 28 U.S.C. § 2244(d)(1). Since petitioner is attacking two judgments, and the limitations period in § 2244(d)(1) must run from the "latest" of the several possible triggering dates provided in its subparagraphs, the court must determine the date upon which each conviction became final and measure the limitations period from the latest of those dates. See Walker, 341 F.3d at 1246; see also Rainey, 443 F.3d at 1327-28.

With regard to case number 00-1017, judgment in this case was entered on June 18, 2002. Petitioner filed a timely notice of appeal. The appeal was dismissed

on April 29, 2003 for failure to file an initial brief.  Assuming, without deciding, that petitioner is entitled to the benefit of the 90-day window for filing a petition for certiorari with the United States Supreme Court, this conviction became "final" for purposes of § 2244 on July 28, 2003.[2]  *See* 28 U.S.C. § 2244(d)(1); *see also Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (for purposes of § 2244(d)(1)(A), the one-year limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court); *Jackson v. Secretary for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002).

With regard to case number 02-1268, judgment in this case was entered on October 8, 2002.  Petitioner did not directly appeal his conviction in this case.  Therefore, his conviction became final on November 7, 2002, which is thirty days after rendition of the order of judgment of conviction and sentence.  *See* FLA. R. APP. P. 9.110(b); *Walk v. State*, 707 So.2d 933 (Fla. 5th Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. 1st Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30 day period for filing appeal expires).

Because the later of the two foregoing dates is July 28, 2003, the § 2244 limitations period began to run on that date.  The limitations period ran for 171 days until January 16, 2004, when petitioner filed his Rule 3.850 motion in state court.  That motion was pending from January 16, 2004 (the date is was filed) until July 12, 2005 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).[3]  The limitations period expired 194 days later.  The instant petition

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate.  *See* SUP. CT. R. 13.3.

[3]*See Nyland v. Moore*, 216 F.3d 1264 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

was not filed until 240 days later on March 10, 2006.  Based on the foregoing, this habeas petition is untimely.[4]

It is noted that "[s]ection 2244 . . . permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  In his reply, petitioner argues that he did not learn that his direct appeal in case number 00-1017 had been dismissed until August 7, 2003; thus, the period between April 29, 2003 and August 7, 2003 should not be counted toward the limitations period.  (Doc. 14, p. 2).  The court's previous analysis already gave petitioner the benefit of the time between April 29, 2003 and July 28, 2003.  Even assuming, which this court does not decide, that petitioner is entitled to tolling for the additional ten days (until August 7, 2003), his petition is still untimely.  As demonstrated above, the petition would still be over thirty-five days late.

Finally, even if this court found that the petition was not time-barred, petitioner would not be entitled to federal habeas relief.  Petitioner raises two claims in his petition.  Both relate to his Rule 3.850 proceeding.  The first claim challenges the proceeding on the grounds that "The State did not respond within the 30 days given by the trial court in an order directing the State to respond."  (Doc. 1, p. 4, Ground 1).  The second claim challenges the proceeding on the grounds that "The trial court did not rule in the defendant's favor by default by the State's violation of an issued

---

[4]The court rejects petitioner's argument that the § 2254 habeas corpus petition he filed in the Holmes County Circuit Court on January 4, 2006 tolled the limitations period.  (*See* doc. 14, pp. 2-3).  That petition was not "properly filed" under 28 U.S.C. § 2244(d)(2).  The United States Supreme Court has held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000).  The Eleventh Circuit recently considered an instance in which a motion is not properly filed -- "when a motion is filed in a court that lacks jurisdiction to hear it."  *Estes v. Chapman*, 382 F.3d 1237, 1239 (11th Cir. 2004).  The *Estes* court noted that *Bennett* had left that possibility open, albeit in dicta: "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed."  *Estes*, 382 F.3d at 1239 (quoting *Bennett*, 531 U.S. at 9).  The *Estes* court concluded that, contrary to the state's argument, the Georgia Supreme Court, where Mr. Estes' application was filed, had jurisdiction, so the limitations period was tolled.  Nevertheless, it appears to be settled that if a petitioner's postconviction filing is filed in a court that lacks jurisdiction, the limitations period will not be tolled.

court order." (*Id.*, Ground 2).  In essence, petitioner asserts he was denied due process in the Rule 3.850 proceeding when the state court failed to enter a default judgment in his favor after the State failed to timely file a response.  This does not state a basis for federal habeas relief.  It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state postconviction proceedings.  This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself.  *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (affirming district court's denial of habeas relief based on state court judge's refusal to recuse himself from the Rule 3.850 hearing, explaining "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th  Cir. 1987) (per curiam) (concluding § 2254 claim that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief").

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  The record does not support the application of the equitable tolling doctrine or any other exception to the limitations period.  Thus, it should be dismissed.  Alternatively, the petition should be dismissed because petitioner's claims do not state a basis for federal habeas relief.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 9) be GRANTED.

2.   That the petition for writ of habeas corpus (doc. 1) challenging the convictions and sentences in *State of Florida v. Zachariah S. Barlow*, in the Circuit

**Court of Bay County, Florida, case numbers 00-1017 and 02-1268, be DISMISSED with prejudice and that the clerk be directed to close the file.**

**At Pensacola, Florida this 20th day of September, 2006.**

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**